# EXHIBIT 1



December 18, 2017

**VIA U.S. POSTAL SERVICE, CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

**VIA EMAIL ICE-FOIA@dhs.gov**

U.S. Immigration and Customs Enforcement
FOIA Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

Re:   Freedom of Information Act Request
      *Expedited Processing Requested*

Attention:

This is a request for records, made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 *et seq.*, implementing regulations 6 C.F.R. § 5.1 *et seq.*, and any other applicable regulations.

I.   REQUEST FOR INFORMATION

The American Civil Liberties Union of Northern California (the "ACLU-NC") hereby requests disclosure of all records in your possession relating to contracts by and between the U.S. Immigration and Customs Enforcement ("ICE") and G4S Secure Solutions, Inc. ("G4S") for the transportation of individuals within the ICE San Francisco Area of Responsibility ("AOR").[1]

In particular, we request disclosure of records containing the following information:

---

[1] The term "records" as used herein includes all records or communications preserved in written or electronic form, including but not limited to: correspondence, documents, data, videotapes, audio tapes, emails, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, training manuals, other manuals, or studies. With respect to privacy concerns for members of the public, we will accept copies that are redacted to protect identifying information such as names, social security numbers, and alien numbers, but we would object to the redaction of birthdates and birthplaces that would interfere with our ability to determine the ages and countries of origin for members of the public. In addition, we request that members of the public whose identifying information is redacted be identified with an alphanumeric code so that multiple records related to the same individual will be recognized as such. This redaction agreement does not apply to identifying information such as names and badge numbers for federal agents.

FOIA Office, U.S. Customs and Immigration Enforcement
December 18, 2017
Page 2

1. Blanket Purchase Agreement ("BPA") HSCEDM-12-A-00002 for transportation services provided by G4S in the San Francisco AOR and any addenda, attachments, and/or task orders thereunder.

2. Contract(s) by and between ICE and contractors relating to the transportation of individuals to and from the Contra Costa West County Detention Facility in Richmond, California, during the period of January 1, 2017 to the present.

3. Contract(s) by and between ICE and contractors relating to the transportation of individuals to and from the Mesa Verde Detention Facility in Bakersfield, California, during the period of January 1, 2017 to the present.

II. REQUEST FOR EXPEDITED PROCESSING

We request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and the statute's implementing regulations. There is a "compelling need" for these records, as defined in the statute and regulations, because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged government activity. 5 U.S.C. § 552(a)(6)(E)(v); *see also* 6 C.F.R. § 5.5(e)(1)(ii).

The ACLU-NC is "primarily engaged in disseminating information" within the meaning of the statute and relevant regulations. 5 U.S.C. § 552(a)(6)(E)(v)(II); 6 C.F.R. § 5.5(e)(1)(ii). *See ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 30 n.5 (D.D.C. 2004) (finding that a non-profit, public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" is "primarily engaged in disseminating information" (internal citation omitted)); *see also Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 260 (D.D.C. 2005) (finding Leadership Conference—whose mission is to "disseminate[] information regarding civil rights and voting rights to educate the public [and] promote effective civil rights laws"—to be "primarily engaged in the dissemination of information").

The ACLU-NC is an affiliate of the ACLU, a national organization that works to protect civil liberties of all people, including the safeguarding of the basic constitutional rights to privacy, free expression, and due process of law. The ACLU-NC is responsible for serving the population of northern California. The communications department of the ACLU-NC is the division of the ACLU-NC that is responsible for disseminating information to the public about issues of concern to the ACLU-NC and to the general public.

Dissemination of information about actual or alleged governmental activity is a critical and substantial component of the ACLU's mission and work. The ACLU of Northern California actively disseminates and frequently garners extensive media coverage of the information it obtains about actual or alleged government activity through FOIA and California's statutory counterpart, the California Public Records Act. It does so through a heavily visited website (averaging between 10,000 and 20,000 visitors per week) and a paper newsletter distributed to its members, who now number over 80,000. In the past, FOIA requests, litigation over FOIA

*FOIA Office, U.S. Customs and Immigration Enforcement*
*December 18, 2017*
*Page 3*

responses, and information obtained by the ACLU-NC through FOIA about the federal government's immigration enforcement, ethnic and racial profiling, and detention operations have been the subject of articles on the ACLU-NC's website.[2] They have also garnered coverage by other news media.[3] ACLU-NC staff persons are frequent spokespersons in television and print media and make frequent public presentations at meetings and events.

The ACLU-NC plans to analyze and disseminate to the public the information gathered through this Request. The records requested are not sought for commercial use, and the Requesters plan to disseminate the information disclosed as a result of this Request to the public at no cost.

Further, the records sought are urgently needed to inform the public. They relate to matters in which there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity," 6 C.F.R. § 5.5(e)(1)(ii), as well as matters "of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence," *id.* § (e)(1)(iv).

The ACLU-NC seeks the information requested in order to understand the relationship between ICE and private contractors, such as G4S, in the detention and treatment of civil immigration detainees. Detention of immigrants and conditions of their confinement, including transportation, is an issue that has garnered widespread public attention. *See, e.g.*, Kate Morrissey, *Women Temporarily Evacuated After Exposure to Noxious Chemical in Immigration Detention*, San Diego Union-Tribune, Nov. 15, 2017, http://goo.gl/MCRF75; Phillip Jankowski, *Woman at Hutto Immigration Detention Says Guard Sexually Assaulted Her*, Austin American-Statesman, Nov. 15, 2017, http:// goo.gl/AqRYdS; Aline Barros, *Behind the Doors of Immigrant Detention*, Voice of America, Nov. 14, 2017, http://goo.gl/rzi87P; Laurel Wamsley, *As It Makes More Arrests, ICE Looks for More Detention Centers*, NPR News, Oct. 26, 2017, *available at* http://goo.gl/RTdAV1; Alan Gomez, *Trump Plans Massive Increase in Federal Immigration Jails*, USA Today, Oct. 17, 2017, http://goo.gl/ax6yqY; Charles Bethea, *A Medical Emergency, and the Growing Crisis at Immigration Detention Centers*, The New Yorker, Sept. 13, 2017, http://goo.gl/bAMgbS; Caitlin Dickerson, *Plan Would Limit Protections for Immigrants Held in*

---

[2] *See, e.g.*, https://www.aclunc.org/news/aclu-northern-california-files-demands-documents-implementation-trump-s-muslim-ban (FOIA request for CBP detention and deportation records); https://www.aclunc.org/news/aclu-northern-california-files-lawsuit-demanding-documents-implementation-trumps-muslim-ban (lawsuit challenging government's response to FOIA request for CBP records) https://www.aclunc.org/news/aclu-seeks-records-immigration-enforcement-actions-northern-california (FOIA request for ICE enforcement action records); https://www.aclunc.org/news/lawsuit-seeks-documents-regarding-ice-raids (lawsuit challenging government's response to FOIA request for ICE enforcement action records);

[3] *See, e.g.*, Eric Tucker, *5 Men Sue Over Anti-Terror Info-Sharing Program*, Associated Press, July 9, 2014, http://goo.gl/NYgF8p; Hameed Aleaziz, *Lawsuit Against ICE Seeks Information on Asylum Seekers*, SFGate.com, Oct. 20, 2016, http://goo.gl/VjBJYZ; Luke Darby, *What Surveillance Looks Like Under the Trump Administration*, GQ Magazine, May 1, 2017, http://goo.gl/oYvQfq; Daisy Alioto, *How Taking a Photograph Can Land You a Visit from the FBI*, Artsy.com, June 20, 2017, http://goo.gl/bGZvPh; Nicole Narea, *ICE To Hand Over Asylum Seeker Detention Policy Data*, Law360.com, Aug. 9, 2017, http://goo.gl/Q4y34D.

*FOIA Office, U.S. Customs and Immigration Enforcement*
*December 18, 2017*
*Page 4*

*Jails*, N.Y. Times, Apr. 14, 2017, at A1; Vivian Yee & Ron Nixon, *Memo Tells of U.S. Plan to Speed Up Border Hires*, N.Y. Times, Apr. 13, 2017, at A15.

Of particular interest to the public are existing public contracts with private companies, including G4S, the Geo Group and CoreCivic, to process, transport, and detain immigrants. Further, ICE's expanded enforcement priorities and operations has led to the initiation of new contracts with private detention companies, some of whom are documented to have placed detainees in substandard conditions. These issues have been the subject of recent news articles, reports, and public engagement and protest. *See, e.g.*, Roger Schneider, *Prison Company Seeks C.R.7 Property for Immigration Detention Facility*, The Goshen News, Nov. 17, 2017, http://goo.gl/rqYwfZ; Sarah Macaraeg, *Inside a Private Prison's $150M Deal To Detain Immigrants in New Mexico*, Center for Investigative Reporting, Oct. 26, 2017, http://goo.gl/Zg47mN; Sean Collins Walsh, *ICE Plans New 1,000-bed Facility in South Texas "Detention Alley,"* Austin American-Statesman, Oct. 13, 2017, http://goo.gl/h73pj5; Roxana Asgarian, *Conroe Residents Protest Expansion of Immigration Detention Facility*, Houstonia Magazine, July 25, 2017, http://goo.gl/BpKqfQ; Madison Pauly, *In 3 Months, 3 Immigrants Have Died at a Private Detention Center in California*, Mother Jones, June 2, 2017, http://goo.gl/SxH1Kp; Ben Norton, *Privatized For-Profit Immigrant Detention Centers Are a 'Living Nightmare,' Investigation Shows*, AlterNet, May 16, 2017, http://goo.gl/gmeaAY; Spencer Woodman, *ICE Detainees Are Asking To Be Put in Solitary Confinement for Their Own Safety*, The Verge, Mar. 10, 2017, http://goo.gl/V3i9mo; Alene Tchekmedyian, *Thousands of Immigrant Detainees Sue Private Prison Firm over 'Forced' Labor*, LA. Times, Mar. 5, 2017, http://goo.gl/ce4cZV; Jenny Jarvie, "This Industry Stands To Benefit from Trump's Crackdown on the Border," L.A. Times, Feb. 14, 2017, http://goo.gl/qZsLwD; American Civil Liberties Union, Shutting Down the Profiteers: Why and How the Department of Homeland Security Should Stop Using Private Prisons (Sept. 2016), http://goo.gl/KVTtsC.

As the news articles cited above demonstrate, there is sustained and extensive media interest in the issues of immigration detention, the use of privately-run detention facilities, and the conditions and standards of care for immigration detainees. Incidents of sexual assault, deprivation of proper medical care, and exposure to hazardous conditions raise troubling questions about government integrity in the operation and oversight of detention facilities. The federal government's imminent plans to expand immigration detention and contracts with private companies creates an urgent need to obtain records of existing government relationships with private contractors.

III. APPLICATION FOR WAIVER OR LIMITATION OF FEES

A. Release of the records is in the public interest.

We request a waiver of search, review, and reproduction fees on the grounds that disclosure of the requested records is in the public interest because it is likely to contribute significantly to the public understanding of the United States government's operations or activities and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. § 5.11(k).

*FOIA Office, U.S. Customs and Immigration Enforcement*
*December 18, 2017*
*Page 5*

As discussed above, numerous news accounts reflect the considerable public interest in the requested records. Given the ongoing and widespread media attention to this issue, the records sought by the Request will significantly contribute to the public understanding of the operations and activities of the Department of Homeland Security and ICE, and will be of interest to a broad interest. *See* 6 C.F.R. § 5.11(k)(1)(i), (k)(2)(iii). In addition, disclosure is not in the ACLU-NC's commercial interest. As described above, any information disclosed as a part of this FOIA Request will be available to the public at no cost. Thus, a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'") (citation omitted); OPEN Government Act of 2007, Pub. L. No. 110-175, § 2, 121 Stat. 2524 (finding that "disclosure, not secrecy, is the dominant objective of the Act," quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1992)).

B. The ACLU-NC qualifies as a representative of the news media.

A waiver of search and review fees is warranted because the ACLU-NC qualifies as a "representative of the news media" and the requested records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 6 C.F.R. §§ 5.11(b)(6), (k)(2)(iii). Accordingly, fees associated with the processing of this request should be "limited to reasonable standard charges for document duplication." The ACLU-NC meets the statutory and regulatory definitions of a "representative of the news media" because it is an "entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also Nat'l Sec. Archive v. Dep't of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989); *cf. ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 30 n.5 (D.D.C. 2004) (finding non-profit public interest group to be "primarily engaged in disseminating information"). The ACLU-NC is a "representative of the news media" for the same reasons that it is "primarily engaged in the dissemination of information." *See Elec. Privacy Info.Ctr. v. Dep't of Def.*, 241 F. Supp. 2d 5, 10–15 (D.D.C. 2003) (finding nonprofit public interest group that disseminated an electronic newsletter and published books was a "representative of the news media" for FOIA purposes). The ACLU-NC recently was held to be a "representative of the news media." *Serv. Women's Action Network v. Dep't of Def.*, No. 3:11CV1534 (MRK), 2012 WL 3683399, at *3 (D. Conn. May 14, 2012); *see also ACLU of Wash. v. Dep't of Justice*, No. C09–0642RSL, 2011 WL 887731, at *10 (W.D. Wash. Mar. 10, 2011) (finding ACLU of Washington to be a "representative of the news media"), *reconsidered in part on other grounds*, 2011 WL 1900140 (W.D. Wash. May 19, 2011).

\* \* \*

Pursuant to the applicable statute and regulations, we expect a determination regarding expedited processing within ten (10) calendar days. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I); 6 C.F.R. § 5.5(e)(4).

*FOIA Office, U.S. Customs and Immigration Enforcement*
*December 18, 2017*
*Page 6*

  If this request for information is denied in whole or in part, we ask that you justify all deletions by reference to specific exemptions to the Freedom of Information Act. We expect you to release all segregable portions of otherwise exempt material in accordance with 5 U.S.C. § 552(b). We reserve the right to appeal a decision to withhold any information.

  Thank you for your prompt attention to this matter. Please furnish all applicable records to Vasudha Talla, American Civil Liberties Union of Northern California, 39 Drumm Street, San Francisco, California 94111, telephone (415) 621-2493 ext. 308.

  I affirm that the information provided supporting the request for expedited processing is true and correct to the best of my knowledge and belief.

Executed on the 18th day of December, 2017.

Sincerely,

*[signature: Vasudha Talla]*

Vasudha Talla
Staff Attorney
American Civil Liberties Union of Northern California