ALEX G. TSE (CABN 152348)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
GIOCONDA R. MOLINARI (CABN 177726)
Assistant United States Attorney
E-mail: gioconda.molinari@usdoj.gov

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102
     Telephone: (415) 436-7220
     Facsimile: (415) 436-6748

Attorneys for the Federal Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| American Civil Liberties Union of Northern California, | ) ) ) | Case No. 3:18-cv-04105 LB |
| Plaintiff, | ) ) | |
| v. | ) ) | ANSWER TO PLAINTIFF'S COMPLAINT |
| U.S. Department of Homeland Security, Immigration and Customs Enforcement, | ) ) ) | |
| Defendant. | ) ) ) | |

     Federal Defendant, United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") ("Defendant"), hereby answers the Complaint for Declaratory and Injunctive Relief ("Complaint") that Plaintiff, American Civil Liberties Union of Northern California ("Plaintiff"), filed on July 10, 2018, as follows:

# **INTRODUCTION**[1]

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is

DEFENDANT'S ANSWER
Case No. 3:18-cv-04105 LB

1.      The allegation contained in paragraph 1 consists of Plaintiff's characterization of this action to which no response is required.  To the extent that a response is required, Defendant admits that this action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*

2.      The allegations contained in paragraph 2 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant denies the allegations.

3.      Defendant admits the allegations contained in the first sentence of paragraph 3.  The remainder of the allegations contained in paragraph 3 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant denies the allegations.

4.      The allegations contained in paragraph 4 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, denies the allegations.

5.      Defendant admits that it has contracts with G4S Secure Solutions, Inc.  The remainder of the allegations contained in paragraph 5 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, denies the allegations.

6.      The allegations contained in paragraph 6 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, denies the allegations.

7.      The allegations contained in paragraph 7 characterize Plaintiff's actions, to which no response is required.  To the extent that a response is required, Defendant admits that it received two

---

deemed required, and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

FOIA requests from plaintiff dated December 18, 2017 and April 6, 2018. The requests speak for themselves. Defendants respectfully refers the Court to the requests for a complete and accurate description of their contents.

8.      Defendant admits the allegations contained in paragraph 8.

9.      The allegations contained in paragraph 9 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant denies the allegations.

**PARTIES**

10.     The allegations in paragraph 10 consist of Plaintiff's characterization of itself, to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

11.     Defendant admits the allegations contained in paragraph 11.

**JURISDICTION**

12.     This paragraph consists legal conclusions as to jurisdiction to which no response is required.

**VENUE AND INTRADISTRICT ASSIGNMENT**

13.     The allegations contained in the first sentence of paragraph 13 consist of Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendant admits that 5 U.S.C. § 552 (a)(4)(B) governs venue in actions brought under the FOIA. Defendant denies the remaining allegations in this paragraph.

14.     The allegations contained in the first sentence of paragraph 14 consist of Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendant denies these allegations.

**FACTUAL ALLEGATIONS**

**The Detention and Transportation of Immigration Detainees and the Use of Private Security Contractors Are Matters of Significant Public Interest**

15.     The allegations in paragraph 15 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

16.     The allegations in paragraph 16 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

17.     The allegations in paragraph 17 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

18.     The allegations in paragraph 18 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

19.     The allegations in paragraph 19 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

20.     The allegations in paragraph 20 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant admits that ICE has published a set of national detention standards titled Performance-Based National Detention Standards (PBNDS), and respectfully refers the Court to the publication for complete and accurate descriptions of its contents.  The publication speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the allegations.

21.    The allegations in paragraph 21 consist of Plaintiff's characterization of the requested records to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

**ICE Has Failed to Produce Any Records in Response to the First FOIA Request**

22.    Defendant admits that it received a FOIA request from Plaintiff dated December 18, 2017, and respectfully refers the Court to the letter for a complete and accurate description of its contents.  The request speaks for itself.

23.    Defendant admits that by letter dated January 3, 2018, it responded to Plaintiff's FOIA request dated December 18, 2017, and respectfully refers the Court to the letter for a complete and accurate description of its contents.  The letter speaks for itself.

24.    The allegations contained in paragraph 24 consist of Plaintiff's characterization of Defendant's response to the first FOIA request dated December 18, 2017, to which no response is required.  To the extent that a response is required, Defendant admits that it acknowledged Plaintiff's FOIA request by letter dated January 3, 2018, and respectfully refers the Court to the request for a complete and accurate description of its contents.  The request speaks for itself.  Defendant denies the remaining allegations in this paragraph.

25.    Defendant admits the allegations contained in paragraph 25.

26.    The allegations contained in paragraph 26 characterizes Plaintiff's legal argument and conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

**ICE Has Failed to Produce Any Records in Response to the Second FOIA Request**

27.    Defendant admits that it received a FOIA request from Plaintiff dated April 6, 2018, and respectfully refers the Court to the request for a complete and accurate description of its contents.  The request speaks for itself.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

DEFENDANT'S ANSWER
Case No. 3:18-cv-04105 LB

29.     Defendant admits that by an email dated April 25, 2018, Defendant acknowledged Plaintiff's second FOIA request dated April 6, 2018.  The email acknowledgement speaks for itself. Defendant respectfully refers the Court to the email for a complete and accurate description of its contents.

30.     The allegations contained in paragraph 30 consist of Plaintiff's characterization of Defendant's acknowledgment email to the second FOIA request dated April 6, 2018, to which no response is required.  To the extent that a response is required, Defendant admits that it acknowledged the April 6, 2018, FOIA request by email dated April 25, 2018.  The email speaks for itself.  Defendant respectfully refers the Court to the email for a complete and accurate description of its contents, and denies the remaining allegations in this paragraph.

31.     Defendant admits the allegations contained in paragraph 31.

32.     The allegation contained in paragraph 32 consists of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegation.

## FIRST CLAIM FOR RELIEF

### Violation of the Freedom of Information Act for

### Wrongful Withholding of Agency Records

33.     Defendant repeats and incorporates its responses to paragraphs 1-32 above, and incorporates each response therein as though fully set forth herein.

34.     The allegations in paragraph 34 consist of Plaintiff's legal argument and conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

35.     The allegation in paragraph 35 consists of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegation.

36.     The allegation in paragraph 36 consists of Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegation.

37.     The allegation in paragraph 37 consists of Plaintiff's conclusions of law, to which no

1  response is required.  To the extent that a response is required, Defendant denies the allegation.

2        38.    The allegation in paragraph 38 consists of Plaintiff's conclusions of law, to which no

3  response is required.  To the extent that a response is required, Defendant denies the allegation.

4        39.    The allegation in paragraph 39 consists of Plaintiff's conclusions of law, to which no

5  response is required.  To the extent that a response is required, Defendant denies the allegation.

6  **PRAYER FOR RELIEF**

7        The remainder of the Complaint constitutes a prayer for relief to which no response is required.

8  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief sought, or

9  to any relief at all.

10        All allegations not specifically responded to above are denied.

11  **AFFIRMATIVE DEFENSES**

12  **FIRST AFFIRMATIVE DEFENSE**

13        The Court lacks jurisdiction over some or all of the claims alleged.

14  **SECOND AFFIRMATIVE DEFENSE**

15        The Court lacks jurisdiction over any matter to the extent plaintiff failed to satisfy prerequisites

16  to suit, as well as over any requests or allegations that are not contained in a FOIA request at issue in

17  this action.

18  **THIRD AFFIRMATIVE DEFENSE**

19        The Complaint fails to state a claim upon which relief can be granted.

20  **FOURTH AFFIRMATIVE DEFENSE**

21        Plaintiff has failed to exhaust administrative remedies.

22  **FIFTH AFFIRMATIVE DEFENSE**

23        Plaintiff has not alleged sufficient factual and/or legal bases for their request for costs and/or

24  attorney's fees.

25  **SIXTH AFFIRMATIVE DEFENSE**

26        At all times alleged in the Complaint, defendant was acting with good faith, with justification,

27  and pursuant to authority.

28  DEFENDANT'S ANSWER
Case No. 3:18-cv-04105 LB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEVENTH AFFIRMATIVE DEFENSE**

FOIA does not authorize the injunctive relief requested.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant cannot produce documents that FOIA exempts from disclosure.  Disclosure of such information is not required or permitted.  Some or all of the requested documents may be exempt from disclosure in whole or in part under FOIA and/or the Privacy Act, 5 U.S.C. §§ 552a, *et seq*.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff did not submit a FOIA request that reasonably describes the records sought as required by FOIA.

**TENTH AFFIRMATIVE DEFENSE**

There is no provision in the FOIA for obtaining declaratory relief.

Defendant reserves the right to assert additional affirmative defenses in the event that such affirmative defenses would be appropriate.

WHEREFORE, having fully answered, Defendant, by counsel, respectfully requests that:

1.  The Complaint be dismissed with prejudice;

2.  Plaintiff take nothing by this action;

3.  No injunctive relief be awarded to Plaintiff;

4.  The Court enter judgment in favor of the Defendant; and

The Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

ALEX G. TSE
United States Attorney

Dated:  September 6, 2018            By:____/s/_____
GIOCONDA R. MOLINARI
Assistant United States Attorney

DEFENDANT'S ANSWER
Case No. 3:18-cv-04105 LB

8