Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
Andrew Ong (SBN 267889)
aong@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel: +1 213 426 2500
Fax: +1 213 623 1673

Hayes Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, CA 94111
Tel: +1 415 733 6000
Fax: +1 415 677 9041

Vasudha Talla (SBN 316219)
vtalla@aclunc.org
Jamie L. Crook (SBN 245757)
jcrook@aclunc.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**
39 Drumm Street
San Francisco, CA 94111
Tel: +1 415 621 2493
Fax: +1 415 255 8437

Andrea Scripa Els (admitted *pro hac vice*)
aels@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel: +1 617 570 1000
Fax: +1 617 523 1231

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | Case No. 3:18-cv-4105-LB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:       November 1, 2018<br>Time:       11:00 a.m.<br>Courtroom: Courtroom C, 15th Floor<br>Judge:      Hon. Laurel Beeler |

## JOINT CASE MANAGEMENT STATEMENT

The parties jointly submit this case management conference statement pursuant to the Court's July 10, 2018 Order (ECF 8), Standing Order for All Judges of the Northern District of California, dated January 17, 2017, Civil Local Rule 16-9, and Federal Rule of Civil Procedure 26(f).

### 1. Jurisdiction & Service

There are no issues concerning personal jurisdiction, venue, or service.  Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552(a)(4)(B) and 28 U.S.C. § 1331.  All parties have been served.

### 2. Facts

By letters dated December 18, 2017 and April 6, 2018, Plaintiff American Civil Liberties Union of Northern California ("ACLU-NC" or "Plaintiff") submitted two FOIA requests to the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE" or "Defendant") seeking records about the contracts between ICE and G4S Secure Solutions, Inc. ("G4S") and other private contractors for the transport of detainees in the San Francisco AOR; the policies, procedures, and guidelines for detaining and transporting immigration detainees in the state of California; recent complaints about the transportation of immigration detainees; records related to the retention of private transportation providers; and records related to the vehicles, officers, and other individuals involved in the transportation process.  By letter dated January 3, 2018, ICE acknowledged receipt of the December 18, 2017 FOIA request and assigned it a reference number.  On April 25, 2018, ICE provided an electronic acknowledgment of receipt of the April 6, 2018 FOIA request and assigned it a reference number.  Plaintiff filed its lawsuit on July 10, 2018.

Defendant has been making rolling document productions on Plaintiff's FOIA requests.  To date, Defendant has provided four interim document responses and produced four sets of documents.  On October 22, 2018, Defendant's counsel informed Plaintiff's counsel that Defendant had collected approximately 18,000 pages of potentially responsive documents.  Those pages are currently being reviewed and processed for release.  Further, additional searches still being conducted may reveal additional potentially responsive documents.

On October 22, 2018, Defendant's counsel also informed Plaintiff's counsel that the 18,000 pages corresponded to approximately 1,000 potentially responsive documents. Of those 18,000 pages, Defendant could process 500 pages per month.

The parties have engaged in discussions in an attempt to narrow the scope of their dispute, and have been working in good faith to resolve some of the claims and issues in this action. *See* Paragraph 17, *infra*.

### 3. Legal Issues

Whether defendant has met its obligations to plaintiff under the FOIA.

### 4. Motions

There are no prior or pending motions. The parties anticipate that this matter can be resolved on summary judgment. The parties submit, however, that scheduling any such motion is premature at this time. The parties are currently working in good faith to resolve some of the claims and issues in this action. *See* Paragraph 17, *infra*.

### 5. Amendment of Pleadings

No party anticipates amending its pleadings.

### 6. Evidence Preservation

Defendant acknowledges its duty to preserve relevant materials in accordance with applicable rules and case law.

### 7. Disclosures

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

### 8. Discovery

To date, no discovery has been taken by any party, and the parties do not currently anticipate that discovery will be necessary in this case.

### 9. Class Actions

This case is not a class action.

2

**10. Related Cases**

Undersigned counsel are unaware of any related cases before another judge of this Court.

**11. Relief**

Plaintiff seeks an order directing defendant to engage in a search reasonably calculated to discover all responsive documents, and to produce any non-exempt, reasonably segregable information. Defendant seeks a defense judgment and dismissal of this action.

**12. Settlement and ADR**

This case has been assigned to the ADR Multi-Option Program, and the parties have conferred about ADR processes in conformance with ADR Local Rule 3-5. The parties prefer to discuss ADR selection with the Court at the case management conference.

**13. Consent to Magistrate Judge for All Purposes**

The parties have consented to assignment of this case to this Court for all purposes.

**14. Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties have been engaged in the meet-and-confer process in an attempt to narrow the issues. *See* Paragraph 17, *infra*.

**16. Expedited Trial Procedure**

The parties believe that this case can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

**17. Scheduling**

The parties anticipate that this matter can ultimately be resolved on summary judgment. The parties submit, however, that scheduling any such motion is premature at the time of the filing of this joint case management statement. The parties are currently working in good faith to resolve some of the claims and issues in this action.

In particular, Plaintiff submitted two FOIA requests seeking records of ICE pertaining to ICE's procedures for retaining and overseeing private transportation contractors, the standards

3

governing private contractors in their transportation of immigration detainees, and whether private contractors actually comply with such standards when transporting immigration detainees.

Defendant does not have an estimated production completion date due to the voluminous records collected to date, searches are still being conducted, and the fact that due to limited government resources Defendant can process 500 pages monthly. Defendant's counsel's informed Plaintiff's counsel of two types of documents returned by the searches that Plaintiff may not be interested in, or that may not be responsive to the FOIA requests. Approximately two thirds of the 18,000 potentially responsive pages (approximately 13,000 pages) consist of time-sheets records (such as hours worked and meal breaks for contractors), and approximately 500 pages consist of vehicle maintenance receipts (such for as oil changes, and car washes). Defendant's counsel is waiting for Plaintiff's counsel's response. Defendant is willing to engage in discussions about prioritizing the production after Plaintiff's counsel responds on whether the contractor time-records and maintenance receipts need to be produced. Plaintiff's counsel suggested prioritizing the types of records to produce, but Defendant's counsel has previously explained that prioritization would not speed up the processing or production time.

In addition, Defendant's counsel has also asked Plaintiff's counsel to advise if records are identified in the ongoing interim production that Plaintiff is not interested in.

Plaintiff's position is that Defendant has exclusive knowledge of the documents that are responsive to the two FOIA requests, and therefore Defendant should identify any specific requests or categories of requests that Defendant believes encompasses a high volume of documents that may exceed the scope of Plaintiff's objectives. Plaintiff will review such categories to determine whether the FOIA requests can be modified or streamlined, and plans to respond to Defendant regarding the subcategories identified in the preceding paragraph by the time of the case management conference. Plaintiff's position is that Defendant is capable of processing more than 500 pages per month—a rate that is lower than that at which agencies process FOIA requests in similar litigation. Finally, Plaintiff proposes providing Defendant with a priority list of categories of documents sought in order for Defendant to prioritize the production of certain categories.

4

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:18-CV-4105-LB

Thus, the parties continue to engage in a meet and confer process and request additional time to allow that process to continue. At this juncture, however, the parties are unable to propose a schedule for summary judgment, as Defendant has indicated that it will continue producing additional documents on a rolling monthly basis.

**18.    Trial**

The parties anticipate that this entire case will be resolved on summary judgment.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Defendant has not filed a disclosure of interested entities or persons because Local Rule 3-16 excuses government entities or their agencies from this requirement. As set forth in plaintiff's Civil Local Rule 3-16 statement filed on September 26, 2018, the undersigned counsel for plaintiff certifies that, other than the named parties, there is no such interest to report.

**20.    Other**

None.

Dated:  October 25, 2018               Respectfully submitted,

                                       By: /s/ *Andrew Ong*
                                           Neel Chatterjee
                                           Andrew Ong
                                           Hong-An Vu
                                           Hayes Hyde
                                           Andrea Scripa Els
                                           **GOODWIN PROCTER LLP**

                                           Vasudha Talla
                                           Jamie L. Crook
                                           **AMERICAN CIVIL LIBERTIES**
                                           **UNION FOUNDATION OF**
                                           **NORTHERN CALIFORNIA**

                                           *Attorneys for Plaintiff*

DATED: October 25, 2018                ALEX G. TSE
                                       United States Attorney


                                       By: /s/ *Gioconda R. Molinari*
                                           GIOCONDA R. MOLINARI
                                           Assistant United States Attorney

5

## ATTORNEY ATTESTATION

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

                                                  /s/ *Andrew Ong*
                                                              Andrew Ong

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on October 25, 2018. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 25, 2018, in Redwood City, California.

/s/ *Andrew Ong*
Andrew Ong