1  CALVIN E. DAVIS (SBN: 101640)
   cdavis@grsm.com
2  A. LOUIS DORNY (SBN: 212054)
   ldorny@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   633 West Fifth Street, 52nd floor
4  Los Angeles, CA 90071
   Telephone: (213) 576-5024
5  Facsimile: (213) 680-4470

6  Attorneys for Defendant
   G4S SECURE SOLUTIONS (USA), INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 FLORICEL LIBORIO RAMOS,            Case No. 3:19-cv-2757
   MARIA DE JESÚS MEDINA RAMIREZ,
12 MARIA VALDOVINOS DIAZ,            **REPLY IN SUPPORT OF MOTION FOR
   YOLANDA VALLEJO MEDRANO,           RELATED CASE PURSUANT TO CIVIL
                                      L.R. 3-12 TO BE FILED IN CASE NO. 3:18-
13              Plaintiffs,           CV-04105; ADMINISTRATIVE MOTION
                                      TO CONSIDER WHETHER CASES
14        v.                          SHOULD BE RELATED PURSUANT TO
                                      CIVIL L.R. 7-11**
15 G4S SECURE SOLUTIONS (USA), INC.,

16              Defendant.

17

18

19        Pursuant to Civil Local Rules 3-12(b) and 7-11 of the United State District Court for the

20 Northern District of California, G4S SECURE SOLUTIONS (USA), INC. ("G4S") submits this

21 Reply in Support of this Administrative Motion to Consider Whether Cases Should Be Related.

22

23 **I.     G4S CONSENTS TO MAGISTRATE JUDGE LAUREL BEELER GIVEN THE
           COURT'S SIGNIFICANT INVESTMENT OF JUDICIAL RESOURCES TO
24         DATE**

25        In response to G4S's motion, American Civil Liberties Union of Northern California

26 ("ACLU-NC" or "Plaintiff") explained that "the FOIA Action should remain with Judge Beeler

27

28
                                          -1-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1    given the Court's significant investment of judicial resources in the FOIA Action to date." (Docket

2    #39, 2:3-4).  G4S agrees with this argument.

3              ACLU-NC further notes that "Plaintiff thus opposes any relation of the FOIA Action and

4    the Ramos Action that would result in the FOIA Action being reassigned to a different judge, which

5    would be the case if the cases are related given that G4S has declined magistrate judge jurisdiction in

6    the Ramos Action. The parties in this action consented to Judge Beeler, and G4S, a third party in an

7    unrelated action, should not be permitted to undo the parties' consent. However, Plaintiff would not

8    oppose relation of the two actions if G4S is willing to consent to Judge Beeler's jurisdiction in the

9    Ramos Action." (Docket #39, 2:5-10.) G4S agrees with this argument as well.

10             Defendant G4S submits to jurisdiction of Magistrate Judge Laurel Beeler for all purposes.

11

12   **II.     "RELATEDNESS" IS NOT A HIGH THRESHOLD UNDER RULE 3-12**

13             Moving party G4S brought the motion on the basis that the parties are substantially the

14   same, and for the simple proposition that there is a common question of fact and law, specifically

15   whether "*the U.S. Department of Homeland Security, Immigration and Customs Enforcement agency asserts any*

16   *privilege, defense or immunity to the G4S contracts, or other evidence in the FOIA case, that should be followed in the*

17   *Ramos Action.*" (Docket #37, 2:23-26).

18             No authority is cited by any party for perfect alignment of parties or legal theories.  Instead,

19   the Rule requires satisfaction of much less—only two elements:

20             **3-12. Related Cases**

21                      (1) The actions concern substantially the same parties, property, transaction or event;

22                      and

23                      (2) It appears likely that there will be an unduly burdensome duplication of labor and

24                      expense or conflicting results if the cases are conducted before different Judges.

25             Subpart (1) is met here, because the parties do not have to be identical to be substantially the

26   same. Here, ACLU-NC is the plaintiff in the FOIA Action, and the same attorneys represents the

27   plaintiffs in the Ramos tort-action. That July 2017 incident in the Ramos Action is also described in

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-2-

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

1  in the FOIA Action at paragraph 17—which is not denied by the ACLU—an effective concession

2  that the matters are indeed factually related.

3        Further, the ICE contracts which are the subject (in part) of the FOIA action are alleged to

4  be contracts governing the ICE/G4S contractual relationship existing during the torts alleged in the

5  Ramos Action. Therefore, we have common parties, transactions and events, which adequately

6  satisfies the Rule. No reference is made within Rule 3-12 to common causes of action—meaning

7  that the distinction of the Ramos Action as a tort claim, and the FOIA Action as a contested records

8  request under the applicable statutes and case law for Freedom of Information Act requests—is

9  simply immaterial.

10        3-12 subpart (2) is met here, because the Honorable Laurel Beeler's investment of time in

11  reviewing the FOIA action over the last year can and should be leveraged as a matter of judicial

12  economy and to yield consistent application of immunities or other defenses to production of

13  relevant documents.  G4S recognizes, as argued by the ACLU, that the standards for FOIA records

14  production are not identical to civil discovery. But that argument misses the mark. If an assertion of

15  a privilege, defense or immunity is (or has been) raised by ICE, the applicability of that privilege,

16  defense or immunity may apply equally to documents requested by the ACLU in the Ramos Action.

17  As already submitted by G4S, the basis of the motion is to address the common question of fact and

18  law specific whether "*the U.S. Department of Homeland Security, Immigration and Customs Enforcement agency*

19  *asserts any privilege, defense or immunity to the G4S contracts, or other evidence in the FOIA case, that should be*

20  *followed in the Ramos Action.*" (Docket #37, 2:23-26).

21        The federal defendant in the FOIA Action opposed the motion with citation to a case that,

22  unlike the present motion, involved no apparent conservation of judicial resources:

23        "[A]lthough the three cases all share a common issue regarding the reasonableness of a

24        license proposal, further examination of the pleadings in light of the relevant legal

25        standard shows that resolution of this issue is dependent of a multitude of case-specific

26        facts and issues. **Consequently, it does not appear that relating these cases would**

27        **likely conserve judicial resources and promote their efficient determination**.

28        Likewise, it does not appear that there will be an unduly burdensome duplication of

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1  labor and expense or conflicting results if the cases are conducted before different

2  judges." (*Ess Tech. v. Pc-Tel* (N.D.Cal. Nov. 27, 2001, No. C-99-20292 RMW) 2001

3  U.S.Dist.LEXIS 26350, at *16.)

4      Here, all parties recognize and conceded the extensive effort already invested by the

5  Honorable Laurel Beeler in the FOIA Action, which provides sufficient grounds to relate the

6  matters.

7

8  **III.**    **CONCLUSION**

9      As set forth above the *ACLU v U.S. Department of Homeland Security, Immigration and Customs

10  Enforcement* action is related to *Ramos v. G4S Secure Solutions* Case No. 3:19-cv-2757 and benefits from

11  Judge Beeler's prior extended handling.

12

13  Dated: July 5, 2019        GORDON REES SCULLY MANSUKHANI, LLP

14

15      By:   /s A. Louis Dorny
        Calvin E. Davis

16          A. Louis Dorny
        Attorneys for Defendant

17          G4S SECURE SOLUTIONS (USA), INC.

-4-